UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH CZERW,

                                          Plaintiff,

v.

                                          Case # 16-CV-6701-FPG

                                          DECISION AND ORDER

LAFAYETTE STORAGE & MOVING CORPORATION,
et al.,

                                          Defendants.

## INTRODUCTION

Plaintiff Joseph Czerw brings this action against Defendants Lafayette Storage & Moving Corporation ("Lafayette") and Matthew Ferrentino, in his official and individual capacities, for filing a fraudulent information return in violation of 26 U.S.C. § 7434. ECF No. 1. Plaintiff—a former employee of Lafayette—alleges that, for the 2015 tax year, Defendants improperly classified him as an independent contractor and misrepresented the amount they paid him in relevant federal tax documents. *Id.* On November 30, 2017, the Clerk of Court filed an entry of default against Defendants, after they failed to appear or otherwise defend. ECF No. 8. Plaintiff now moves for default judgment. ECF No. 14. For the following reasons, Plaintiff's motion is GRANTED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth the procedure for obtaining a default judgment. First, the plaintiff must have secured an entry of default from the clerk, which requires a showing, "by affidavit or otherwise," that the defendant "has failed to plead or otherwise defend" itself in the action. Fed. R Civ. P. 55(a). Once the plaintiff has obtained an entry of default, and

if its claim against the defendant is not "for a sum certain," the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(1)-(2).

The clerk's entry of default does not mean that default judgment is automatically warranted. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam). Instead, "the court may, on [the plaintiff's] motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Id.* If liability is established, the Court must then determine the proper amount of damages, which requires evidentiary support. *See id.* at 189 ("[A] party's default . . . is not considered an admission of damages." (quotation omitted)).

## BACKGROUND

The following facts are taken from the complaint, unless otherwise noted. Lafayette is a business that "conducts household and commercial moving throughout North America," ECF No. 1 ¶ 19, and Ferrentino is the company's president and owner. *Id.* ¶ 13. Plaintiff alleges that Ferrentino "exercised operational control over" the company's day-to-day functions and the "terms of plaintiff's employment." *Id.* ¶¶ 15, 16. Plaintiff began his employment at Lafayette in 1993, working as a mover. Plaintiff alleges that Defendants structured his work in a manner consistent with that of an employee. *See id.* ¶¶ 23-28.

In May 2014, Defendants started paying Plaintiff irregularly, and "the paychecks that [Defendants] issued . . . began to bounce." *Id.* ¶ 30. Then, beginning in September 2014, Defendants printed out employee paychecks but would not issue them to employees. Plaintiff alleges that Defendants "did not make, keep and maintain payroll records accurately reporting the wages paid to Plaintiff." ECF No. ¶ 32. Despite these problems, Plaintiff continued to work for

Defendants until March 2015, when "it became clear that [Defendants] were not going to pay [him]." *Id.* ¶ 34. Plaintiff alleges that in 2015, he only received $4,000 in wages from Defendants. These wages came in the form of two $2,000 checks that Ferrentino mailed to Plaintiff.

In January 2016, Defendants issued a 2015 Form 1099-MISC to Plaintiff, which reported "$5,500.00 in non-employee compensation." *Id.* ¶ 40. The payer is listed as "Lafayette Storage & Moving." ECF No. 1-2 at 2. Defendants submitted a copy of the same form to the IRS. ECF No. 1 ¶ 41. In all previous years during Plaintiff's employment, Defendants had reported Plaintiff's income with a W-2 tax form. Plaintiff "repeatedly requested" that Defendants properly classify him as an employee, but Ferrentino "failed and refused to correct the tax forms." *Id.* ¶ 43. Plaintiff alleges that Defendants had actual knowledge that a W-2 form was the correct form to submit. Furthermore, Plaintiff alleges that Defendants willfully, purposely, and fraudulently filed the false Form 1099-MISC as part of a scheme "to defraud state and federal taxing authorities . . . by lessening [] Lafayette's tax obligations and the amount of its worker's compensation insurance premiums." *Id.* ¶ 52. Plaintiff brought this action in October 2016.

## DISCUSSION

Under 26 U.S.C. § 7434(a), "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." A number of district courts have divided this cause of action into three elements: (1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return. *See, e.g.*, *Gidding v. Zurich Am. Ins. Co.*, No. 15-cv-1176, 2015 WL 6871990, at *5 (N.D. Cal. Nov. 9, 2015); *Chin Hui Hood v. JeJe Enters., Inc.*, No. 14-cv-2405, 2015 WL 13646690, at *2 (N.D. Ga. Jan. 15, 2015); *Seijo v. Casa Salsa, Inc.*, No. 12-60892,

2013 WL 6184969, at *7 (S.D. Fla. Nov. 25, 2013).  Thus, the question is whether the allegations in the complaint, when taken as true, satisfy these elements and thereby establish Defendants' liability as a matter of law.  *See Moulton Masonry*, 779 F.3d at 187.  The Court answers that question in the affirmative.

The Court turns to the first element.  Although Plaintiff does not address it, this element raises a basic issue: can both Defendants be said to have "issued" or "filed" the allegedly false Form 1099-MISC?  Lafayette, not Ferrentino, was Plaintiff's employer, and only Lafayette is identified as the payer in the form itself.  On the other hand, based on the complaint, Ferrentino was the actor in the scheme, and consequently must have been the person who caused the form to be filed on Lafayette's behalf.

Courts have applied different standards to determine which participants in a tax-fraud scheme may be held liable under § 7434(a).  Some courts have limited liability to the person who was required to file the information return under federal law.  *See, e.g.*, *Vandenheede v. Vecchio*, No. 12-12284, 2013 WL 692876, *2-3 (E.D. Mich. Feb. 26, 2013) (declining to hold liable two co-trustees who prepared and caused an information return to be filed on another's behalf); *Swartwout v. Edgewater Grill LLC*, No. 1:12-cv-130, 2013 WL 3655162 (W.D. Mich. July 12, 2013) (accountant and accounting firm); *Swallow v. Torngren*, No. 17-cv-5261, 2018 WL 2197614, at *13 (N.D. Cal. May 14, 2018) (shareholders and director of corporation).  These cases arguably find support in some of the statutory language, which provides that a civil action may be brought "against the person *so filing* such return."  26 U.S.C. § 7434(a) (emphasis added); *see also Swallow*, 2018 WL 2197614, at *13 ("[§ 7434] provides a cause of action against the person who files the allegedly fraudulent return. . . . Here . . . [the corporation] is the 'person' who filed the allegedly fraudulent returns.").

Other courts have rejected that narrow reading, concluding that a person who causes a fraudulent return to be filed, whether on his own behalf or on behalf of another, may be liable under § 7434. *See, e.g.*, *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, No. 12-cv-5836, 2015 WL 2375225, at *3-5 (N.D. Ill. May 15, 2015); *Sigurdsson v. Dicarlantonio*, No. 6:12-cv-920, 2013 WL 12121866, at *6-8 (M.D. Fla. Dec. 11, 2013). These courts focus on the expansive phrasing of other language in the statute: "*any person* [who] willfully files a fraudulent information return" may be held liable. 26 U.S.C. § 7434(a) (emphasis added); *see also Angelopoulos*, 2015 WL 2375225, at *4 ("The plain meaning of 'any person' is *any* person; 'any person' includes not only an entity *required* to file a return but also a manager . . . who allegedly reported the false information in the return and caused it to be filed."). These courts reason that this interpretation is consistent with the legislative history, which indicates that § 7434 is intended to address the loss and inconvenience caused by "persons intent on either defrauding the IRS or harassing taxpayers." *Angelopoulos*, 2015 WL 2375225, at *4 (noting that a taxpayer-entity and its agent are "equally capable" of causing the harms that the statute seeks to deter). Furthermore, these courts note that a more limited construction would exempt from liability otherwise culpable agents, contrary to common-law principles of corporate officer liability and legislative intent. *See id.* at *5 (discussing anomalous results of narrow reading); *Sigurdsson*, 2013 WL 12121866, at *6-7 (same).

In light of the statute's plain language and the anomalous results of a contrary interpretation, the Court is persuaded by those courts that have interpreted § 7434 to impose liability on any person who willfully causes a fraudulent information return to be filed. In this case, the Court reads the complaint to allege that Ferrentino caused the 2015 Form 1099-MISC to

be issued to and filed with the IRS on Lafayette's behalf. Therefore, as to both Defendants, the first element is satisfied.[1]

The facts in the complaint also fulfill the second and third elements. To adequately allege a claim under § 7434, the "pleadings must do more than establish an accounting mistake." *Vandenheede v. Vecchio*, 541 F. App'x 577, 580 (6th Cir. 2013) (summary order). Rather, "[t]he private right of action created by § 7434(a) applies only if any person *willfully files* a fraudulent information return." *Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568 (2d Cir. 2011) (internal quotation marks and brackets omitted). "[W]illfulness in this context connotes a voluntary, intentional violation of a legal duty." *Vandenheede*, 541 F. App'x at 580 (internal quotation marks omitted). In other words, "the plaintiff must show that the defendants, aware of the duty purportedly imposed by Section 7434, specifically intended to flout the statute." *Tran v. Tran*, 239 F. Supp. 3d 1296, 1298 (M.D. Fla. 2017).

In this case, Plaintiff alleges that the Form 1099-MISC inaccurately stated the payments made to him in 2015.[2] Furthermore, there are sufficient allegations to establish that Defendants willfully filed the fraudulent information return. *See Gidding*, 2015 WL 6871990, at *6 (quotation omitted). Plaintiff alleges that (1) in 2015, Lafayette, through Ferrentino, mailed Plaintiff two checks totaling $4,000; (2) Defendants thereafter filed a false Form 1099-MISC for the 2015 tax

---

[1] A Form 1099-MISC constitutes an "information return" for purposes of § 7434. *See Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, No. 12-cv-5836, 2014 WL 292578, at *5 (N.D. Ill. Jan. 23, 2014) (collecting cases); *see also* 26 U.S.C. § 7434(f) (defining "information return").

[2] Plaintiff also alleges that Defendants misclassified him as a non-employee when they issued the Form 1099-MISC. As Plaintiff concedes, however, some courts have held that "§ 7434(a) creates a private cause of action only where an information return is fraudulent with respect to *the amount purportedly paid to the plaintiff*." *Liverett v. Torres Advanced Enter. Solutions LLC*, 192 F. Supp. 3d 648, 653 (E.D. Va. 2016) (emphasis added). Under that interpretation, the statute "provides no remedy for a person incorrectly classified as an independent contractor." *Tran*, 239 F. Supp. 3d at 1298. But because Plaintiff alleges that the Form 1099-MISC incorrectly states the amount paid to him, the second element is satisfied regardless, and the Court need not address whether the alleged misclassification supports a claim under § 7434.

year, which stated that Lafayette made payments to Plaintiff totaling $5,500; and (3) Defendants filed the false form willfully, fraudulently, and purposely, in that they were engaged in a scheme to defraud tax authorities by reducing Lafayette's tax obligations. *Cf. Bolling v. PP&G Inc.*, No. WDQ-15-911, 2015 WL 9255330, at *7 (D. Md. Dec. 17, 2015) (concluding that complaint that alleged the "who," "what," "when," "why," and "how" of the defendants' alleged tax fraud survived a motion to dismiss). The plausibility of Plaintiff's claim of willful fraud is bolstered by the fact that Defendants misclassified Plaintiff for the 2015 tax year—despite treating him as an employee for the entirety of his employment—as well as by the facts suggesting that Defendants were facing business woes starting in May 2014. Therefore, the second and third elements are satisfied.

Accordingly, the complaint, when taken as true, establishes Defendants' liability as a matter of law. *See Moulton Masonry*, 779 F.3d at 187. The only remaining issue is that of damages. *See id.* at 189. The statute provides for, and Plaintiff requests, statutory damages in the amount of $5,000. *See* 26 U.S.C. § 7434(b); *see also Cuellar-Aguilar v. Deggeller Attractions, Inc.*, 812 F.3d 614, 621 (8th Cir. 2015) (stating that a plaintiff may bring a claim under § 7434 to recover statutory damages in the absence of actual damages). Plaintiff does not request actual damages, costs, or attorney's fees. ECF No. 14-1 at 11. Because Defendants' liability is established, Plaintiff is entitled to statutory damages. *See Velazquez v. Corp. Bank Transit of Ky., Inc.*, No. 16-cv-948, 2017 WL 5241846, at *4 (M.D. Fla. Jan. 4, 2017), *R. & R. adopted by* 2017 WL 5248449 (Jan. 23, 2017).

Having determined that Plaintiff is entitled to the requested relief, and finding no other reasons militating against entry of default judgment, the Court grants Plaintiff's motion.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for a default judgment (ECF No. 14) is GRANTED. Plaintiff is awarded $5,000 in statutory damages against Defendants, for which Defendants are jointly and severally liable. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 9, 2018
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court